# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1253V
UNPUBLISHED

| | |
|---|---|
| DANIELLE HORNE,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 23, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision based on Proffer;<br>Influenza (Flu); Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA). |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 23, 2020, Danielle Horne filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine administered on October 18, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 17, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a Table SIRVA. On May 23, 2022, Respondent filed a proffer on an award of compensation ("Proffer"). In the Proffer, Respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

**A lump sum of $75,000.00 (for pain and suffering)** in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| DANIELLE HORNE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-1253V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 23, 2020, Danielle Horne ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following her receipt of an influenza ("flu") vaccination in her left shoulder on October 18, 2018.  *See* Petition ("Pet.") at 1; Exhibit ("Ex.") 1 at 13, 17-18.  On December 17, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 27-29.

**I.      Type of Compensation**

Respondent proffers that petitioner should be awarded $75,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.      **Form of the Award**

      Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent requests that the Chief Special Master's decision and the Court's judgment award

the following[1]:  a lump sum payment of $75,000.00, in the form of a check payable to petitioner.

III.     **Summary of Recommended Payment Following Judgment**

      Lump sum payable to petitioner, Danielle Horne:                    **$75,000.00**

                 Respectfully submitted,

                 BRIAN M. BOYNTON
                 Principal Deputy Assistant Attorney General

                 C. SALVATORE D'ALESSIO
                 Acting Director
                 Torts Branch, Civil Division

                 HEATHER L. PEARLMAN
                 Deputy Director
                 Torts Branch, Civil Division

                 ALEXIS B. BABCOCK
                 Assistant Director
                 Torts Branch, Civil Division

                 /s/ *Jamica M. Littles*
                 JAMICA M. LITTLES
                 Trial Attorney
                 Torts Branch, Civil Division
                 U.S. Department of Justice
                 P.O. Box 146 Benjamin Franklin Station
                 Washington D.C. 20044-0146
                 Tel: (202) 305-4014
                 Fax: (202) 616-4310
                 E-mail:  jamica.m.littles@usdoj.gov

DATED:  May 23, 2022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.